# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 1:16-CR-00082 |
| | : | |
| v. | : | |
| | : | (Judge Yvette Kane) |
| **SCOTT LANE,** | : | |
| **BRUCE EDGECOMBE,** | : | |
| **WILLIAM STAPLES,** | : | Electronically Filed |

## JOINED-IN PRETRIAL MOTIONS

AND NOW, comes Scott Lane, by and through CJA counsel, Gerald A. Lord, Esquire, joined by co-counsel for defendants Bruce Edgecombe and William Staples, and pursuant to Federal Rule of Criminal Procedure 12, files the within Pretrial Motions:

## RELEVANT PROCEDURAL BACKGROUND

1.  On March 30, 2016, an Indictment was filed in the United States District Court for the Middle District of Pennsylvania in the above-captioned matter. [Doc. 1].

2.  Count Nine of the Indictment charged the defendant, Scott Lane[1] (hereinafter "Lane"), and others, with violation of 18 U.S.C. § 2251(a), Sexual exploitation of children, on or about July 22, 2015. [Doc. 1].

---

[1] In the original Indictment the defendant, Scott Lane, was actually referenced as JOHN DOE-2, a.k.a. "NYC Perv".

    3.      Count Ten of the Indictment charged Lane, and others, with violation of 18 U.S.C. § 2251(e), Sexual exploitation of children, on or about July 22, 2015. [Doc. 1].

    4.      Count Eleven of the Indictment charged Lane, and others, with violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), Certain activities relating to material involving the sexual exploitation of minors, from on or about April 11, 2014, to on or about July 22, 2015. [Doc. 1].

    5.      Count Twelve of the Indictment charged Lane, and others, with violation of 18 U.S.C. §§ 2252(a)(2), (b)(1) and (2), Certain activities relating to material involving the sexual exploitation of minors, from on or about April 11, 2014, to on or about July 22, 2015. [Doc. 1].

    6.      Count Thirteen of the Indictment charged Lane with violation of 18 U.S.C. § 2251(d), Sexual exploitation of children, on or about July 22, 2015. [Doc. 1].

    7.      A Notice of Forfeiture was also included within the Indictment. [Doc. 1].

    8.      On May 11, 2016, a Superseding Indictment was filed in the above-captioned matter. [Doc. 143].

9. Count Nine of the Superseding Indictment charges Lane, and others, with violation of 18 U.S.C. § 2251(a), Sexual exploitation of children, on or about July 22, 2015. [Doc. 143].

10. Count Ten of the Superseding Indictment charges Lane, and others, with violation of 18 U.S.C. § 2251(e), Sexual exploitation of children, on or about July 22, 2015. [Doc. 143].

11. Count Eleven of the Superseding Indictment charges Lane, and others, with violation of 18 U.S.C. § 2252(a)(2) and (b)(1), Certain activities related to material involving the sexual exploitation of minors, from on or about April 11, 2014 to on or about May 11, 2016. [Doc. 143].

12. Count Twelve of the Superseding Indictment charges Lane, and others, with violation of 18 U.S.C. § 2252(a)(2), Certain activities related to material involving the sexual exploitation of minors, from on or about April 11, 2014 to on or about May 11, 2016. [Doc. 143].

13. Count Thirteen of the Superseding Indictment charges Lane, and others, with violation of 18 U.S.C. § 2251(d), Sexual exploitation of children, from on or about April 11, 2014 to on or about May 11, 2016. [Doc. 143].

14. Count Fourteen of the Superseding Indictment charges Lane with violation of 18 U.S.C. § 2251(d), Sexual exploitation of children, on or about July 22, 2015. [Doc. 143].

15. The Superseding Indictment also contains a Notice of Forfeiture. [Doc. 143].

16. On May 20, 2016, the United States Attorney's Office filed a Notice Regarding Superseding Indictment in the above-captioned matter. [Doc.186].

17. The Notice Regarding Superseding Indictment, among other things, provided notice that the date ranges in Counts 11 and 12 were extended from April 11, 2014 – July 22, 2015, to April 11, 2014 – May 11, 2016.

18. The Notice Regarding Superseding Indictment also provided notice that the true names of all of the defendants were incorporated into all the criminal counts.

19. Pretrial motions and supporting briefs are due to be filed on or before July 21, 2017. [Doc.568].

20. Trial in the above-captioned case is scheduled to begin with jury selection on Monday, September 18, 2017, at 9:30 a.m.

## MOTION TO DISMISS

21. All previous paragraphs are incorporated herein as if fully set forth.

**A.    Motion to Dismiss Count Nine Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v)**

22. Lane is charged with violating 18 U.S.C §§ 2251(a) and 2, Count Nine, on July 22, 2015.

23. In pertinent part, Count Nine charges Lane and others as follows:

> On or about July 22, 2015 . . . [Scott Lane and others] . . . aided and abetted . . . each other [on that date and] did knowingly employ, use, persuade, induce, entice and coerce a minor . . . to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct, and the visual depiction was transmitted using materials that have been mailed, shipped, and transported in . . . interstate and foreign commerce . . . .

[Doc. 143, p. 10].

24.     The Government has no evidence that the criminal activity that occurred on July 22, 2015, included "materials that have been mailed, shipped, and transported in . . . interstate and foreign commerce . . . ." [Doc. 143, p. 10].

25.     Lane specifically alleges there is a defect in the indictment because the Government has failed "to state an offense . . . ." Fed. R. Crim. P. 12(b)(3)(B)(v).

### B. Motion to Dismiss Count Ten Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) and (v)

26.     Lane is charged with violating 18 U.S.C § 2251(e), on July 22, 2015.

27.     For the reasons stated in the previous paragraph, the Government failed to state an offense under 18 U.S.C § 2251(e). Fed. R. Crim. P. 12(b)(3)(B)(v).

28.     Alternatively, Count Ten should be dismissed because 18 U.S.C. § 2251(e) is a penalty provision, not a conspiracy provision, and none of the language in 18 U.S.C § 2251(a) is contained in 18 U.S.C. § 2251(e).

29. Further proof that Section 2251(e) is a penalty provision can be found by reference to the Statutory Index of Appendix A in the United States Sentencing Guidelines; specifically, there is no guideline assigned to 18 U.S.C. § 2251(e). U.S.S.G. Statutory Index – Appendix A.

30. It appears the Government is charging Lane, and others, in Count Ten, with criminal conspiracy, but the criminal conspiracy statute is separate and apart from other criminal statutes, and it cannot be legally incorporated into the Superseding Indictment through 18 U.S.C. § 2251(e), which, as previously mentioned, is a penalty provision.

31. The Government has effectively charged Lane with the same offense twice. Fed. R. Crim. P. 12(b)(3)(B)(ii).

C. **Motion to Dismiss Count Eleven Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii), (iv), and (v)**

32. Lane is charged in Count Eleven of the Superseding Indictment of violating 18 U.S.C. § 2252(a)(2) and (b)(1). [Doc. 143]

33. The specific allegation is that Lane conspired with others "to knowingly receive and distribute any visual depiction . . . and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct . . . ." [Doc. 143].

34. In contrast to 18 U.S.C. § 2251(a), which includes "transmitting a live visual depiction . . .", Section 2252 contains no language that criminalizes the transmission of a live depiction. [Doc. 143].

35. Similarly, in contrast to 18 U.S.C. § 2251(a), which includes "transmitting a live visual depiction . . .", Section 2252 contains no language that criminalizes the transmission of a live depiction. [Doc. 143].

36. Count Eleven is defective in that it fails to state a criminal offense. Fed. R. Crim. P. 12(b)(3)(B)(v).

37. Other than the criminal activity out of the events of July 22, 2015, the Government has no specific evidence that Lane was involved in the receipt and distribution of visual depictions, in interstate commerce, of a minor engaging in sexual acts.

38. If an indictment contains one or more charges that do not fit within the statutory definition, the defendant may move to dismiss the indictment. *United States v. Hedaithy*, 392 F.3d 580, 586 (3d Cir. 2004).

39. The Government's erroneously joined Count Eleven to the Superseding Indictment against Lane. Fed. R. Crim. P. 12(b)(3)(B)(iv).

40. Furthermore, the language in Count Eleven contains no specific averments that would lead a fact finder to conclude that Lane conspired with others to commit any offenses between April 11, 2014 and May 11, 2016, and, therefore,

that is a lot of the lack of specificity in Count Eleven. Fed. R. Crim. P. 12(b)(3)(B)(iii).

### D. Motion to Dismiss Count Twelve Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii), (iv), and (v)

41. Lane is charged in Count Twelve of the Superseding Indictment of violating 18 U.S.C. § 2252(a)(2), (b)(1) and 2. [Doc. 143]

42. Lane is already charged in Counts Nine and Ten with aiding and abetting, as well as conspiring with, others to commit an indictable offense on July 22, 2015 under the United States Crimes Code.

43. The Government has no evidence that Lane and others aided or abetted each other between April 11, 2014 to May 11, 2016.

44. The only evidence, if any, Lane aided others in committing indictable criminal offenses is the evidence related to the live visual depiction that was presented on July 22, 2015.

45. The Government's erroneously joined Count Twelve to the Superseding Indictment against Lane. Fed. R. Crim. P. 12(b)(3)(B)(iv).

46. The language in Count Twelve contains no specific information that would lead a fact finder to believe that Lane conspired with others to commit any offenses between April 11, 2014 and May 11, 2016, and, therefore, due to the lack of specificity, Count Twelve should be dismissed. Fed. R. Crim. P. 12(b)(3)(B)(iii).

47. Count Twelve fails to state an offense for which Lane can be prosecuted. Fed. R. Crim. P. 12(b)(3)(B)(v).

### E. Motion to Dismiss Count Thirteen Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii), (iv), and (v)

48. Lane is also charged with violation of 18 U.S.C. § 2251(d), in that he allegedly agreed with other "to knowingly publish a notice and advertisement seeking an offering to receive, exchange, produce, display, and distribute a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct . . . ." [Doc. 143].

49. 18 U.S.C § 2251(d) contains no language that includes "live depiction" and, under the circumstances, Lane is unlawfully charged with the violation of a statute for which the language does not fit the criminal activity described on July 22, 2015.

50. Visual depiction is defined as follows:

> [U]ndeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format . . . .

18 U.S.C.A. § 2256(5).

51. The live depiction of July 22, 2015, was not stored on Lane's computer.

52. In the definition of visual depiction the term "live" is not used, although it is specifically mentioned only in Section 2251(a), thereby signifying an intent by the legislature to expand the definition of visual depiction for purposes of violation of Section 2251(a).

53. The Government's erroneously joined Count Thirteen to the Superseding Indictment against Lane. Fed. R. Crim. P. 12(b)(3)(B)(iv).

54. The language in Count Thirteen contains no specific information that would lead a fact finder to believe that Lane conspired with others to commit any offenses between April 11, 2014 and May 11, 2016, and, therefore, due to the lack of specificity, Count Thirteen should be dismissed. Fed. R. Crim. P. 12(b)(3)(B)(iii).

55. Count Thirteen fails to state an offense for which Lane can be prosecuted. Fed. R. Crim. P. 12(b)(3)(B)(v).

## MOTION TO SEVER

56. All previous paragraphs are incorporated herein as if fully set forth.

57. The Government has no evidence that Lane entered into a conspiracy with the other three remaining co-defendants on any date between April 11, 2014, and May 11, 2016, with the possible exception of July 22, 2015, which is covered in Count Eleven.

58. The Government has no evidence that Lane entered into a conspiracy with the other three remaining co-defendants on any date between April 11, 2014, and May 11, 2016, with the possible exception of July 22, 2015, which is covered in Count Twelve.

59. The Government has no evidence that Lane entered into a conspiracy with the other three remaining co-defendants on any date between April 11, 2014, and May 11, 2016, with the exception of July 22, 2015, which is covered in Count Thirteen.

60. If Lane's case goes to trial along with the remaining co-defendants, the jury will hear and see multiple items of evidence that will prejudice Lane's right to a fair trial under the United States Constitution, given the fact that Lane does not know, and did not know, any of the remaining co-defendants and, furthermore, given that the Government has no evidence that Lane knew the other co-defendants, or conspired with them to commit criminal offenses on any date other than July 22, 2015.

61. Lane is asking for an evidentiary hearing to determine whether his case should be severed from the cases of the remaining co-defendants. Fed. R. Crim. P. 12(b)(3)(D).

62. The joinder of Lane's case to that of the other co-defendants will lead to the admission of multiple items of incriminating information totally

unconnected to Lane, which may prejudice his right to a fair and unbiased jury trial before his peers. Fed. R. Crim. P. 14(a).

## MOTION TO SUPPRESS

63. All previous paragraphs are incorporated herein as if fully set forth.

64. On or about April 12, 2016, eight or more law enforcement officers, with clearly definable uniforms and weaponry, took control of Lane's residence, severally curtailed Lane's movements, blocked exit from his residence, and, given the size of the apartment, occupied a large percentage of the square footage of the apartment, while investigating Lane and seizing Lane's property.

65. Though not under arrest by way of formal words, Lane was clearly detained and in custody and, without the benefit of Miranda warnings, law enforcement personnel questioned Lane and received statements from him that the United States Government intends to use at Lane's trial.

66. In the absence of Miranda warnings, and without giving voluntary consent to an interrogation, Lane's right to be free from being compelled to incriminate himself, pursuant to the Fifth Amendment to the United States Constitution, was violated on April 12, 2016.

67. After Lane was removed from the premises, and on the way to federal court for an initial appearance and detention hearing, Lane was informed that he had previously been indicted.

68. The questioning of Lane before he was informed about the indictment, violated Lane's right to counsel under the Sixth Amendment to the United States Constitution.

69. Under Federal Rule of Criminal Procedure 12(b)(3)(C), Lane files this motion to request that statements Lane made to law enforcement officers on April 12, 2016, in his apartment, be suppressed and ruled inadmissible at his trial.

## MOTION FOR BILL OF PARTICULARS

70. All previous paragraphs are incorporated herein as if fully set forth.

71. Lane incorporates by reference thereto the Motion for Bill of Particulars filed by the co-defendants and joins the co-defendant's motions.

        Respectfully submitted,

        /s/  Gerald A. Lord

        Gerald A. Lord, Esquire
        LORD LAW, LLC
        45 North Queen Street
        York, PA 17403
        (717) 850-2274
        Sup. Ct. I.D. No. 49539

## CERTIFICATE OF SERVICE

AND NOW, this 21st day of July, 2017, the Undersigned certifies that he is a person of suitable age and discretion to be competent to serve papers. The undersigned further certifies that in accordance with Local Rule 5.7, he served a copy of the attached document upon the following persons in the manner indicated below:

By ECF filing addressed to all parties of record.

Additionally, I hereby certify that I served the Motion by first class mail addressed as follows:

Scott Lane
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Respectfully submitted,

/s/ Gerald A. Lord

Gerald A. Lord, Esquire
LORD LAW, LLC
45 North Queen Street
York, PA 17403
(717) 850-2274
Sup. Ct. I.D. No. 49539