UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:16-CR-82 |
| | : | |
| v. | : | (JUDGE YVETTE KANE) |
| | : | |
| SCOTT LANE | : | |
| Defendant | : | |

FILED
HARRISBURG, PA

JAN 1 1 2018

Per ___KJW___
Deputy Clerk

PLEA AGREEMENT

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

A. Violation(s), Penalties, and Dismissal of Other Counts

1.   Guilty plea. The defendant agrees to plead guilty to Count 9

of the Superseding Indictment, which charges the defendant with a

violation of Title 18, United States Code, Section 2251(a), Sexual

Exploitation of Children – Production of Child Pornography, in violation

of Title 18, United States Code, Section 2251(a). The maximum penalty

for that offense is imprisonment for a period of 30 years, a fine of

$250,000, up to lifetime supervised release to be determined by the court, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, forfeiture, and an assessment in the amount of $100, and an assessment of $5,000. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count.

2.    The defendant agrees to plead guilty to Count 10 of the Superseding Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 2251(e), Criminal Conspiracy to Produce Child Pornography, in violation of Title 18, United States Code, Section 2251(a). The maximum penalty for that offense is imprisonment for a period of 30 years, a fine of $250,000, up to lifetime supervised release to be determined by the court, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, forfeiture, and an

assessment in the amount of $100, and an assessment of $5,000. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count.

3.    The defendant agrees to plead guilty to Count 11 of the Superseding Indictment, Criminal Conspiracy to Receive and Distribute Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2). The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $250,000, up to lifetime supervised release to be determined by the court, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, forfeiture, and an assessment in the amount of $100, and an assessment of $5,000. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count.

4.    The defendant agrees to plead guilty to Count 12 of the Superseding Indictment, which charges the defendant with Receipt and

3

Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2). The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $250,000, up to lifetime supervised release to be determined by the court, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, forfeiture, and an assessment in the amount of $100, and an assessment of $5,000. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count.

5.     The defendant agrees to plead guilty to Count 13 of the Superseding Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 2251(e), Criminal Conspiracy to Publish a Notice or advertisement seeking Child Pornography, in violation of Title 18, United States Code, Section 2251(d). The maximum penalty for that offense is imprisonment for a period of 30 years, a fine of $250,000, up to lifetime supervised release to be

4

determined by the court, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, forfeiture, and an assessment in the amount of $100, and an assessment of $5,000. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count.

6.     The defendant agrees to plead guilty to Count 14 of the Superseding Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 2251(d), Publish a Notice or advertisement seeking Child Pornography, in violation of Title 18, United States Code, Section 2251(d). The maximum penalty for that offense is imprisonment for a period of 30 years, a fine of $250,000, up to lifetime supervised release to be determined by the court, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, forfeiture, and an assessment in the amount of $100, and an

5

assessment of $5,000. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count.

7.     After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge(s) to which the defendant pleads guilty pursuant to this Agreement subsequently are vacated, set aside, or invalidated by the district court or appellate court. The defendant further agrees to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

8.     <u>Mandatory Minimum Sentences</u>.  Counts 9, 10, 13 and 14 carry a mandatory minimum period of imprisonment of 15 years on

6

each count.   Counts 11 and 12 carry a mandatory minimum period of imprisonment of 5 years on each count.

9.   <u>Term of Supervised Release</u>.   The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that, as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

10.   <u>Maximum Sentence – Multiple Counts</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, up 160 years of imprisonment and/or fines totaling $1,500,000, up to a lifetime of supervised release, the costs of prosecution, denial of certain federal benefits, forfeiture, and an assessment totaling $30,600.

11.   <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees

7

that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

12. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

13. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the

offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

14.   Special Assessment.  The defendant understands that the court will impose a special assessment of $600 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

15.   Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a) to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

9

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

10

## C. Sentencing Guidelines Calculation

16. <u>Determination of Sentencing Guidelines.</u> The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

17. <u>Acceptance of Responsibility– Two Levels.</u> If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of

11

responsibility. The failure of the court to find that the defendant is entitled to a two-level reduction shall not be a basis to void this Plea Agreement.

## D. Sentencing Recommendation

18.   Appropriate Sentence Recommendation.   At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

19.   Special Conditions of Probation/Supervised Release.   If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

12

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house, or similar facility.

(g) The defendant be placed under home confinement.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E. Forfeiture of Assets

20.   <u>Forfeiture</u>.  The present indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States

seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the charges in Counts 9, 10, 11, 12, 13 and 14 and the facts referenced in the Factual Basis, incorporated herein. Defendant further agrees to the following:

(a)    Forfeiture of: All electronic devices seized at the time of defendant's arrest in New York pursuant to 18 U.S.C. § 2253(a)(1) and (a)(3), and on the grounds set forth in the order of forfeiture;

(b)    Immediate entry of the preliminary order of forfeiture and/or the filing of a civil complaint by the United States pursuant to Title 18, United States Code, Section 981, regarding any forfeitable property; to the extent necessary, I waive notice of forfeiture as to any asset I have agreed to forfeit and waive oral pronouncement at sentencing;

15

(c)   Waiver of the right to personal service of all process and naming of **Gerald A. Lord** as agent for service of all process;

(d)   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

(e)   The filing and entry of a consent decree of forfeiture;

(f)   Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in any property, real or personal, subject to forfeiture pursuant to this Agreement;

(g)   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

(h)   Payment of costs associated with the seizure, storage, and maintenance of the any asset being returned to defendant as a result of this Agreement;

(i)   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the

16

United States or any of its agencies or employees, including claims for attorney fees and costs of litigation;

(j)     Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures.

21.   Disclosure of Assets.  This Agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Plea Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Plea Agreement, subjecting the defendant to the sanctions set forth in this Plea Agreement.

17

22.   <u>Forfeiture of Interests/Passage of Clear Title/Destruction</u> <u>Order</u>. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers. The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

## F. Victims' Rights and Restitution

23.  <u>Victims' Rights</u>. The defendant understands that pursuant
to the Victim and Witness Protection Act, the Crime Victims' Rights
Act, the Justice for All Act, and the regulations promulgated under
those Acts by the Attorney General of the United States, crime victims
have the following rights:

(a)  The right to be reasonably protected from the accused;

(b)  The right to reasonable, accurate, and timely notice of any
public court proceeding or any parole proceeding involving the
crime, or of any release or escape of the accused;

(c)  The right not to be excluded from any such public court
proceeding, unless the court, after receiving clear and convincing
evidence, determines that testimony by the victim would be
materially altered if the victim heard other testimony at that
proceeding;

(d)  The right to be reasonably heard at any public hearing in the
district court involving release, plea, sentencing, or any parole
proceeding. The defendant understands that the victim's

19

comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)     The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)     The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

20

24.   <u>Restitution</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  The defendant understands and agrees that the Government has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion.  Although the defendant may

21

reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce the restitution obligation in this case. The parties further agree that the Government will recommend that any assets recovered through

forfeiture proceedings be remitted to crime victims to reduce the

defendant's restitution obligation in this case. The defendant

acknowledges that the making of any payments does not preclude the

Government from using other assets or income of the defendant to

satisfy the restitution obligations. The defendant understands that the

amount of restitution calculated for purposes of Chapter 5 of the

Sentencing Guidelines might be different than the amount of loss

calculated for purposes of Chapter 2 of the Sentencing Guidelines.

    25.    Full Restitution. The defendant agrees to make full

restitution to Victim-1 in the amount of $50,000 in accordance with a

schedule to be determined by the court. The defendant further agrees

that restitution as to any other victim will be determined by the court.

The defendant also agrees that full restitution shall be a condition of

any probation or term of supervised release that the defendant receives.

    26.    Restitution for Child Pornography Cases. The defendant

agrees to allow the court to determine the appropriate restitution based

on Title 18, United States Code, Section 2259 for identifiable victims in

the images of child pornography. The defendant agrees to pay

restitution equal to the loss caused to any identifiable victim of the offense of conviction pursuant to any applicable statute, including 18 U.S.C. Section 2259. The defendant further agrees to pay restitution equal to the loss caused to any identifiable victim of his uncharged or dismissed relevant conduct pursuant to 18 U.S.C. Sections 3663(a)(3) and 3663A. The defendant's uncharged or dismissed relevant conduct for purposes of determining and ordering restitution includes the possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct.

## G. Information Provided to Court and Probation Office

27. Background Information for Probation Office. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

24

28.     Objections to Pre-Sentence Report.  The defendant

understands that pursuant to the United States District Court for the

Middle District of Pennsylvania "Policy for Guideline Sentencing" both

the United States and defendant must communicate to the Probation

Officer within fourteen (14) days after disclosure of the pre-sentence

report any objections they may have as to material information,

sentencing classifications, sentencing guideline ranges and policy

statements contained in or omitted from the report.  The defendant

agrees to meet with the United States at least five (5) days prior to

sentencing in a good faith attempt to resolve any substantive

differences.  If any issues remain unresolved, they shall be

communicated to the Probation Officer for inclusion in an addendum to

the pre-sentence report.  The defendant agrees that unresolved

substantive objections will be decided by the court after briefing, or a

pre-sentence hearing, or at the sentencing hearing where the standard

or proof will be a preponderance of the evidence, and the Federal Rules

of Evidence, other than with respect to privileges, shall not apply under

Fed. R. Evid. 1101(d)(3), and the court may consider any reliable

evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

29.   <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

30.   <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of

26

Sentencing Guidelines to the defendant's conduct, including but not

limited to, requests for information concerning possible sentencing

departures.

## H.  Court Not Bound by Plea Agreement

31.    Court Not Bound by Terms.  The defendant understands

that the court is not a party to and is not bound by this Agreement or

any recommendations made by the parties.  Thus, the court is free to

impose upon the defendant any sentence up to and including the

maximum sentence of 160 years imprisonment, a fine of $1,500,000, a

maximum term of lifetime supervised release, which shall be served at

the conclusion of and in addition to any term of imprisonment, the costs

of prosecution, denial of certain federal benefits and assessments

totaling $30,600.

32.    No Withdrawal of Plea Based on Sentence or

Recommendations.  If the court imposes a sentence with which the

defendant is dissatisfied, the defendant will not be permitted to

withdraw any guilty plea for that reason alone, nor will the defendant

27

be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## I.   Breach of Plea Agreement by Defendant

33.   Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

34.  Remedies for Breach. The defendant and the United States
agree that in the event the court concludes that the defendant has
breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to petition for
withdrawal of any guilty plea;

(b)  The United States will be free to make any
recommendations to the court regarding sentencing in this case;

(c)  Any evidence or statements made by the defendant during
the cooperation phase will be admissible at any trials or sentencings;

(d)  The United States will be free to bring any other charges it
has against the defendant, including any charges originally brought
against the defendant or which may have been under investigation at
the time of the plea. The defendant waives and hereby agrees not to
raise any defense to the reinstatement of these charges based upon
collateral estoppel, Double Jeopardy or other similar grounds.

35.  Violation of Law While Plea or Sentence Pending. The
defendant understands that it is a condition of this Plea Agreement

29

that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

## J.     Transfer of Information to IRS

36.     <u>Transfer of Case to IRS</u>.  The defendant agrees to interpose

no objection to the United States transferring evidence or providing

information concerning the defendant and/or this offense, to other state

and federal agencies or other organizations, including, but not limited

to the Internal Revenue Service, law enforcement agencies and

licensing and regulatory agencies.

37.     <u>Collection Action by IRS</u>.  Nothing in this Agreement shall

limit the Internal Revenue Service in its collection of any taxes, interest

or penalties due from the defendant arising out of or related in any way

to the offenses identified in this Agreement.

38.     <u>Rule 6(e) Order for Transfer of Information to IRS</u>.  The

defendant agrees to interpose no objections to the entry of an order

under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination

Division of the Internal Revenue Service of the defendant's documents,

or documents of third persons, in possession of the Grand Jury, the

United States Attorney or the Criminal Investigation Division of the

Internal Revenue Service.

31

39.   <u>Cooperation with IRS</u>.  The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns which may come due during the term of incarceration, probation or supervised release.  The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea.  The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States.  The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

## K.   Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

40.   Sex Offender Registration (Megan's Law/Adam Walsh Act)

Notice. The defendant understands that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of employment; and location of any school that defendant is attending. The defendant understands that such information must be updated not later than three business days after any change. A failure to comply with these and other obligations may subject the defendant to prosecution under federal law. The defendant acknowledges that one possible consequence of a guilty plea is that the court may determine, after the completion of a sentence, that the defendant is a sexually dangerous offender and may commit the defendant to a medical facility for treatment.

33

41.   Civil Commitment as Sexually Dangerous Person.  The
defendant has been advised, and understands, that pursuant to Section
4248 of Title 18 of the United States Code, the defendant faces potential
civil commitment as a sexually dangerous person following the
expiration of the defendant's term of imprisonment.  The defendant
understands that potential civil commitment would be the subject of a
separate proceeding.  The defendant further understands that no one,
including the defendant's attorney or the district court, can predict with
certainty the effect of the defendant's conviction on such a civil
commitment determination.  The defendant nevertheless affirms that
the defendant wants to plead guilty regardless of any potential civil
commitment consequences that the defendant's plea may entail, even if
the consequence is indefinite civil commitment following the expiration
of the defendant's term of imprisonment.

42.   Transfer of Case for Child Custody Determinations.  The
defendant agrees to interpose no objection to the Government's
transferring evidence or providing information concerning the
defendant and/or this offense to other state or local authorities or

34

agencies for purpose of child custody proceedings relating to the
defendant.

## L.    Deportation

43.    <u>Deportation/Removal from the United States</u>.  The
defendant understands that, if defendant is not a United States citizen,
deportation/removal from the United States is a possible consequence of
this plea.  The defendant further agrees that this matter has been
discussed with counsel who has explained the immigration
consequences of this plea.  Defendant still desires to enter into this plea
after having been so advised.

## M.    Appeal Waiver

44.    <u>Conditional Plea</u>.  Pursuant to Rule 11(a)(2) of the Federal
Rules of Criminal Procedure, with the approval of the court and the
consent of the Government, the defendant enters a conditional plea of
guilty to the charges described above while reserving the right on
appeal to review the adverse determinations made by the district court

regarding the pretrial motions filed by this defendant. The parties acknowledge the defendant shall be allowed to withdraw any plea of guilty entered pursuant to this Agreement if the defendant prevails on appeal.

## N. Other Provisions

45. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

46. <u>No Civil Claims or Suits</u>. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the

36

Government's position in this litigation was taken in good faith, had a

substantial basis in law and fact and was not vexatious.

47.   <u>Plea Agreement Serves Ends of Justice</u>.  The United States

is entering into this Plea Agreement with the defendant because this

disposition of the matter fairly and adequately addresses the gravity of

the series of offenses from which the charges are drawn, as well as the

defendant's role in such offenses, thereby serving the ends of justice.

48.   <u>Merger of All Prior Negotiations</u>.  This document states the

complete and only Plea Agreement between the United States Attorney

for the Middle District of Pennsylvania and the defendant in this case,

and is binding only on the parties to this Agreement and supersedes all

prior understandings or plea offers, whether written or oral.  This

agreement cannot be modified other than in writing that is signed by all

parties or on the record in court.  No other promises or inducements

have been or will be made to the defendant in connection with this case,

nor have any predictions or threats been made in connection with this

plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the defendant certifies that the defendant's plea is knowing and

37

voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

49.    The Defendant's attorney has advised him of his rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Upon signing this agreement, the Defendant waives these rights and agrees that the content of this Agreement, including the Factual Basis (incorporated herein), may be used against him at any time in any proceeding should he violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. In other words, even though Federal Rule of Criminal Procedure 11(d) may allow, under certain circumstances, a defendant to withdraw a guilty plea before the Court accepts the plea, the Defendant understands that by signing this Agreement, the contents of this Agreement and the Factual Basis may be used against him even if he withdraws the guilty plea immediately thereafter, and even if he chooses not to plead guilty at or prior to the change of plea hearing.

38

50.    Furthermore, the Government may use Defendant's guilty plea, any statement made under oath at the change-of-plea hearing, and the Factual Basis statement incorporated into this plea agreement, against him in any proceeding, including at trial.

51.    Defendant is Satisfied with Assistance of Counsel. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

52.    Required Signatures. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

X 1.11.18
_____
Date

X _____
SCOTT LANE
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

1/11/2018
_____
Date

_____
GERALD A. LORD
Counsel for Defendant

DAVID J. FREED
UNITED STATES ATTORNEY

1-11-18
_____
Date

By: _____
MEREDITH A. TAYLOR
ASSISTANT U.S. ATTORNEY

1-11-18
_____
Date

By: _____
AUSTIN M. BERRY
TRIAL ATTORNEY

41